## Albert Ptak, Appellee, v. Morand Brothers, Appellant.

### Gen. No. 20,329.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WIL-
LIAM E. DEVER, Judge, presiding. Heard in this court at the March
term, 1914. Affirmed. Opinion filed April 26, 1915.

### Statement of the Case.

Action by Albert Ptak, against Morand Brothers,
a corporation. The defendant occupied a building five
stories in height, in which was a single belt electric
elevator running from the first to the fourth floor.
In the fifth story was the drum around which the cable
attached to the car was wound and unwound in rais-
ing and lowering the car. Plaintiff was a blacksmith
employed in the shop of the defendant, and Frank
Matthews was the foreman of the shop. Joseph
Morand, the treasurer of the defendant, came to the
shop and spoke to foreman Matthews. What he said
does not appear. Matthews was killed and Morand
was not asked what he said to Matthews. Directly
after Morand left, Matthews went to the elevator shaft
on the third floor, taking with him plaintiff and Blan-
chard. Blanchard took with him a crowbar, and plain-
tiff by the order of Matthews took with him a crowbar
and an extension light cord. They went to the elevator
shaft on the third floor where the car "was stuck,"
and Matthews sent plaintiff to the fourth floor to take
an electric light from the top of the car and by means
of the extension cord lower it into the shaft below the
car. Plaintiff obeyed the order and returned to the
shaft on the third floor. Matthews and Blanchard
were pushing a plank across the elevator shaft, and
by order of Matthews plaintiff lifted up the end of the
plank and it was shoved onto the floor. Matthews and
Blanchard went on the plank and plaintiff stood on

the floor alongside of the shaft. Matthews pointed to a piece of wood with his crowbar and said to plaintiff, "You see that piece of wood?" Plaintiff answered, "Yes, I see it. What do you want me to do?" and Matthews said, "I push it up on my side and you take your crowbar and push it up from the other, so we can push it easy." As plaintiff raised his crowbar the car fell and he did not know what happened, "because I lose myself." The evidence tended to show that the fall of the elevator was due to slack in the cable after it had slipped from the drum to the shaft upon which it revolved.

Judgment for the plaintiff and defendant brings error.

F. J. CANTY and P. L. McARDLE, for appellant; J. C. M. CLOW, of counsel.

DAVID K. TONE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 705*—*when evidence sufficient to show cause of accident.* In an action for personal injuries caused by the fall of an elevator, evidence *held* to show as a fact and not by presumption or conjecture that the elevator had become jammed, that plaintiff at the time of his injury was endeavoring to free it, and that it fell upon the dislodging of a block of wood which had caused it to jam.

2. MASTER AND SERVANT, § 156*—*when evidence shows negligence in connection with elevator.* In an action for personal injuries by an employee caused by the fall of an elevator which had become jammed while he and other employees were endeavoring to free it, evidence *held* sufficient to show that the fall of the elevator was due to the fact that the cable suspending it had slipped from the drum to the shaft upon which it revolved, thus making the cable

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

slack, and permitting the fall of the elevator upon the removal of the obstruction which had caused it to stick, and that reasonable care on the part of the foreman in charge of the work required him to ascertain in advance whether there was slack in the cable, and his failure to do so was negligence.

3. MASTER AND SERVANT, § 248*—*when foreman a vice-principal.* In an action by an employee for personal injuries caused by the fall of an elevator which had become jammed while plaintiff and other employees were endeavoring to free it, the failure of the foreman in charge of the work to ascertain in advance whether there was any slack in the cable suspending the elevator which would permit it to fall upon the removal of the obstruction causing it to jam, *held* the act of a vice-principal for which defendant was liable.